UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM AE BAAFI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-11370-PBS |
| | ) | |
| GWINNETT COUNTY GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**September 21, 2021**

Saris, D.J.

On August 18, 2021, pro se litigant William AE Baafi filed

a complaint in which he claims that the Gwinnet County Probate

Court is refusing to provide him copies of his belated father's

death certificate, living will, and trust documents.  He states

that he requires the death certificate to be eligible for

survivor's Social Security death benefits, access life insurance

benefits, and benefits from his father's estate and trust. In

addition, he asks that the Court verify his father's death with

the Defense Intelligence Agency and Central Intelligence Agency.

The complaint is essentially identical to a request Baafi

made earlier in this year in Baafi v. Gwinnett County Georgia,

C.A. No. 21-11145-PBS (D. Mass.).  In that action, Baafi's

request for the Court's intervention in matters related to his

father's death was presented as a letter and did not identify a

defendant.  Nonetheless, the Court treated the letter as a complaint against Gwinnett County Probate Court

On August 10, 2021, the Court dismissed the action for lack of jurisdiction, finding that (1) Baafi's claim against the Gwinnett County Probate Court was precluded by Eleventh Amendment immunity; (2) the Rooker-Feldman and/or the Younger abstention doctrines precluded the Court from exercising jurisdiction over the matter; and (3) the probate exception doctrine to subject matter jurisdiction under 28 U.S.C. § 1332 prevented the Court from exercising diversity subject matter jurisdiction of the action.  See Baafi v. Gwinnett Cnty. Georgia, C.A. No. 21-11145-PBS, Dkt. #4 (D. Mass. Aug. 10, 2021).

Approximately one week after the dismissal of Baafi v. Gwinnett County Georgia, C.A. No. 21-11145-PBS, Baafi commenced the present action.  Because the issues raised in the complaint of this action are essentially identical to those set forth in and dismissed in the earlier action, the outcome is the same. The Court lacks jurisdiction to entertain Baafi's claims.

Accordingly, for the same reasons articulated in the Court's August 10, 2021 order dismissing Baafi v. Gwinnett County Georgia, C.A. No. 21-11145-PBS, Dkt. #4 (D. Mass. Aug.

10, 2021), the Court orders that this action be DISMISSED

without prejudice for lack of jurisdiction.

     SO ORDERED.

                     /s/ Patti B. Saris
                    PATTI B. SARIS
                    UNITED STATES DISTRICT JUDGE